IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 07- 13-ALL-UNA |
| CHRISTOPHER MARRERO, ANABELLE LUNA, CARLOS J. BERRIOS, MADELINE MALDONADO, ISRAEL VALDES, and MICHAEL FORD, | : |
| Defendants. | : |



### INDICTMENT

The Grand Jury for the District of Delaware charges that:

*Introduction*

1. At all times relevant to this Indictment, Access Labor Service, Inc. (hereinafter "Access Labor") was a temporary labor agency located in New Castle, DE.

2. During the relevant time period, and continuing until February 23, 2006, Anabelle Luna, defendant herein, was an office manager for Access Labor. During the relevant time period, and continuing until September 26, 2006, Christopher Marrero, defendant herein, also was an office manager for Access Labor. After Anabelle Luna left Access Labor, Carlos J. Berrios, defendant herein, worked in the office of Access Labor with Christopher Marrero. While employed in those capacities, the defendants' responsibilities included preparing Access Labor's payroll information, sending the payroll information to Access Labor's payroll company via email, and receiving the paychecks for distribution to Access Labor's employees.



*Scheme to Defraud*

3.  On or about May 8, 2005, Anabelle Luna and Christopher Marrero, defendants herein, began adding non-existent employees to the weekly payroll list they emailed to Access Labor's payroll company. After emailing the payroll information to the payroll company, Defendants Marrero and Luna deleted the non-existent employees from the payroll list and then placed the payroll list, minus the information pertaining to the non-existent employees, in Access Labor's files. Meanwhile, the payroll company prepared and delivered back to Access Labor payroll checks, including checks for the non-existent employees.

4.  Some of the non-existent employees added by Defendants Marrero and Luna to the payroll were their acquaintances. Beginning on or about May 8, 2005, and continuing until she left Access Labor on or about February 23, 2006, Anabelle Luna, defendant herein, recruited acquaintances who did not work for Access Labor, including Madeline Maldonado, Israel Valdes, and Michael Ford, defendants herein, to receive and cash fraudulent Access Labor paychecks issued in their names. After cashing the fraudulent checks, the acquaintances returned a portion of the proceeds to Defendant Luna. In this way, Madeline Maldonado received fraudulent payroll checks totaling over $30,000, and Israel Valdes and Michael Ford each received fraudulent payroll checks totaling over $10,000.

5.  The majority of the non-existent employees added to the payroll were persons whose identities were used without their knowledge or permission. Each of these persons had at one time been employed through Access Labor, and their personal information remained in Access Labor's records. From on or about May 8, 2005, until Defendant Luna left Access Labor on or about February 23, 2006, Defendants Luna and Marrero submitted information to Access

Labor's payroll company claiming that certain former employees had worked for Access Labor during the prior week, thereby causing the payroll company to issue payroll checks in the names of the former employees. Defendants Luna and/or Marrero fraudulently endorsed the checks, cashed the checks, and kept the proceeds. After Defendant Luna left Access Labor, Defendant Marrero continued this scheme with Carlos J. Berrios, defendant herein, until Defendant Marrero left Access Labor on or about September 26, 2006. All told, between on or about May 8, 2005, and on or about September 26, 2006, Defendants Luna, Marrero and Berrios fraudulently used the identities of more than 100 former employees of Access Labor to further their scheme.

6.      Using these methods, between on or about May 8, 2005, and on or about September 26, 2006, Defendants Luna, Marrero and Berrios caused Access Labor to issue fraudulent paychecks totaling in excess of $400,000.

## COUNTS ONE THROUGH SIX

7.      From on or about May 8, 2005, through on or about February 23, 2006, in the District of Delaware, having devised and intending to devise a scheme and artifice to defraud, as described in paragraphs one through six above, incorporated herein by reference, and for the purpose of executing such scheme and artifice to defraud, Anabelle Luna and Christopher Marrero, defendants herein, did knowingly cause to be transmitted by means of wire in interstate commerce fraudulent payroll records by sending emails attaching such fraudulent payroll records on or about the following dates from the offices of Access Labor in Delaware, through AOL's computer terminals in Virginia and Comcast's computer terminals in New Jersey, to Access Labor's payroll company, which transmissions correspond to the following counts of the Indictment:

| **COUNT** | **DATE** |
|---|---|
| **ONE** | May 13, 2005 |
| **TWO** | July 15, 2005 |
| **THREE** | September 2, 2005 |
| **FOUR** | November 10, 2005 |
| **FIVE** | December 28, 2005 |
| **SIX** | February 17, 2006 |

Each in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SEVEN

8.  From in or around May 2005, through in or around February 2006, in the District of Delaware, Anabelle Luna, Christopher Marrero, Madeline Maldonado, Israel Valdes, and Michael Ford, defendants herein, having devised and intending to devise a scheme and artifice to defraud, as described in paragraphs one through six above, incorporated herein by reference, did knowingly conspire with each other to cause to be transmitted by means of wire in interstate commerce fraudulent payroll records, in violation of Title 18, United States Code, Section 1343, and in furtherance of the conspiracy, the defendants committed the following overt acts:

a.  On or about May 13, 2005, Anabelle Luna and Christopher Marrero included in the payroll information they emailed to Access Labor's payroll company that, for the week ending May 8, 2005, Madeline Maldonado had worked forty hours, plus ten hours overtime, for Access Labor, when, in fact, Madeline Maldonado had not worked for Access Labor. Based on this information, the payroll company prepared a paycheck for Madeline

Maldonado in the gross amount of $536.25. Madeline Maldonado knowingly cashed the fraudulent check and gave a portion of the proceeds to Anabelle Luna.

    b. On or about November 4, 2005, Anabelle Luna and Christopher Marrero included in the payroll information they emailed to Access Labor's payroll company that, for the week ending October 30, 2005, Michael Ford had worked forty hours, plus twenty hours overtime, for Access Labor, when, in fact, Michael Ford had not worked for Access Labor. Based on this information, the payroll company prepared a paycheck for Michael Ford in the gross amount of $700. Michael Ford knowingly cashed the fraudulent check and gave a portion of the proceeds to Anabelle Luna.

    c. On or about January 27, 2006, Anabelle Luna and Christopher Marrero included in the payroll information they emailed to Access Labor's payroll company that, for the week ending January 22, 2006, Israel Valdes had worked forty hours, plus twenty-eight and one half hours overtime, for Access Labor, when, in fact, Israel Valdes had not worked for Access Labor. Based on this information, the payroll company prepared a paycheck for Israel Valdes in the gross amount of $786.13. Israel Valdes knowingly cashed the fraudulent check and gave a portion of the proceeds to Anabelle Luna.

All in violation of Title 18, United States Code, Section 371.

## COUNTS EIGHT THROUGH THIRTEEN

  9. From in or around February 2006, through on or about September 26, 2006, in the District of Delaware, having devised and intending to devise a scheme and artifice to defraud, as described in paragraphs one through six above, incorporated herein by reference, and for the purpose of executing such scheme and artifice to defraud, Christopher Marrero and Carlos J.

Berrios, the defendants, did knowingly cause to be transmitted by means of wire in interstate commerce fraudulent payroll records by sending emails attaching such fraudulent payroll records on or about the following dates from the offices of Access Labor in Delaware, through AOL's computer terminals in Virginia and Comcast's computer terminals in New Jersey, to Access Labor's payroll company, which transmissions correspond to the following counts of the Indictment:

| COUNT | DATE |
| --- | --- |
| **EIGHT** | March 1, 2006 |
| **NINE** | May 24, 2006 |
| **TEN** | June 28, 2006 |
| **ELEVEN** | July 26, 2006 |
| **TWELVE** | August 9, 2006 |
| **THIRTEEN** | September 13, 2006 |

Each in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOURTEEN

10.   From in or around May 2005, through in or around February 2006, in the District of Delaware, Anabelle Luna, defendant herein, did knowingly possess and use, without lawful authority, means of identification of at least 50 persons, to wit, their names and Social Security numbers, during and in relation to a violation of Title 18, United States Code, Section 1343, the wire fraud statute, as described in paragraphs one through six above, incorporated herein by reference, all in violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT FIFTEEN

11.     From in or around February 2006, through in or around September 2006, in the District of Delaware, Carlos J. Berrios, defendant herein, did knowingly possess and use, without lawful authority, means of identification of at least 50 persons, to wit, their names and Social Security numbers, during and in relation to a violation of Title 18, United States Code, Section 1343, the wire fraud statute, as described in paragraphs one through six above, incorporated herein by reference, all in violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT SIXTEEN

12.     From in or around May 2005, through in or around September 2006, in the District of Delaware, Christopher Marrero, defendant herein, did knowingly possess and use, without lawful authority, means of identification of more than 100 persons, to wit, their names and Social Security numbers, during and in relation to a violation of Title 18, United States Code, Section 1343, the wire fraud statute, as described in paragraphs one through six above, incorporated herein by reference, all in violation of Title 18, United States Code, Sections 1028A and 2.

A TRUE BILL:

_____
Foreperson

COLM F. CONNOLLY
United States Attorney

BY: _____
Beth Moskow-Schnoll
Assistant United States Attorney

Dated: January 23, 2007