

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building (302) 573-6277
1007 N. Orange Street, Suite 700 FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

June 7, 2007

The Honorable Sue L. Robinson
Chief United States District Judge
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

   Re: **United States v. Michael Ford**
     **Criminal Action No. 07-13-SLR**

Dear Judge Robinson:

  Elayne Bryn, counsel for the defendant, has informed me that the defendant, Michael Ford, accepts the Government's plea offer. Therefore, the parties respectfully request that the Court schedule a change of plea hearing. A copy of the proposed Memorandum of Plea Agreement is attached.

             Respectfully submitted,

             COLM F. CONNOLLY
             United States Attorney

        BY: /s/ Beth Moskow-Schnoll
             Beth Moskow-Schnoll
             Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          :
                                   :
           Plaintiff,              :
                                   :
    v.                             :    Criminal Action No. 07-13-SLR
                                   :
MICHAEL FORD,                      :
                                   :
           Defendant.              :

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by Colm F. Connolly, United States Attorney for the District of Delaware, and Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and the defendant, Michael Ford, by and through his attorney, Elayne C. Bryn, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Michael Ford, agrees to plead guilty to Count Seven of the Indictment. Count Seven charges the defendant with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343, all in violation of 18 U.S.C. § 371, which, pursuant to 18 U.S.C. § 1349, carries a maximum penalty of 20 years imprisonment, a $250,000 fine, 3 years supervised release and a $100 special assessment.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to Count Seven of the Indictment: (a) that two or more persons agreed to commit the crime of wire fraud in violation of 18 U.S.C. § 1343; (b) that the defendant knowingly and voluntarily joined the conspiracy; and (c) that a member of the

conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

3. The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) during the relevant time period, and continuing until February 23, 2006, Annabelle Luna, the defendant's acquaintance, was an office manager for Access Labor; (b) on or about September 2, 2005, Annabelle Luna added the defendant, who did not work for Access Labor, to the weekly payroll list emailed to Access Labor's payroll company; (c) in this way, the defendant was issued and cashed 14 fraudulent Access Labor paychecks totaling $10,166.83; and (d) after receiving and cashing each fraudulent paycheck, the defendant returned a portion of the proceeds to Annabelle Luna.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5.  Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, the United States agrees not to contest a reduction under USSG §3E1.1(a) based on the defendant's conduct to date.

6.  The defendant agrees to pay the $100 special assessment at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7.  The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea on that basis.

8.  It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and

/    /    /    /

have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

                                              COLM F. CONNOLLY
                                              United States Attorney

_____       BY:_____
Michael Ford                                       Beth Moskow-Schnoll
Defendant                                             Assistant United States Attorney

_____
Elayne C. Bryn
Attorney for Defendant

Dated:

        **AND NOW,** this ___ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                          _____
                                          HONORABLE SUE L. ROBINSON
                                          Chief United States District Court Judge